## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN I. DOLAND,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Civil No. 1:11-CV-1783** |
| | : | |
| **LUIS BERRIOS, COMSTAR** | : | **(Magistrate Judge Carlson)** |
| **ENTERPRISES, INC.,** | : | |
| **BWAABI AMAJUWON and** | : | |
| **FAF, INC.,** | : | |
| | : | |
| **Third-Party Plaintiffs/Defendants** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NEW PENN MOTOR EXPRESS, INC.,** | : | |
| **THEODORE MRKONJA, TIMOTHY** | : | |
| **FREDERICK, GAILLARD STROYE,** | : | |
| **GREATER OMAHA EXPRESS, LLC,** | : | |
| **ADONIUS SHORES and TAYLOR** | : | |
| **XPRESS LINES, INC.** | : | |
| | : | |
| **Third-Party Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

This case arises out of a February 26, 2010, snowbound chain reaction multi-vehicle accident on Interstate 76 in Cumberland County, Pennsylvania. The meteorological fog of this February snow storm, which may have contributed to the accident, has been paralleled by a litigative fog of uncertainty regarding the number

of parties who were allegedly involved in this accident, and should be joined as parties.

Through the discovery process it is now alleged that this litigative fog has cleared somewhat. Thus, on October 3, 2012, the Court entered an order authorizing the filing of the third-party complaint, finding that the third-party plaintiffs had satisfied the requirements of Rule 14(a) of the Federal Rules of Civil Procedure, and that joinder of the third-party defendants, CRST Van Expedited, Inc., and Robert A. Smith–parties who were allegedly involved in this accident and whose identities had been discerned in the course of discovery– would promote efficiency, avoid circularity, and eliminate the potential for duplicative litigation. (Doc. 57.) The third-party plaintiffs filed the joinder complaint on October 9, 2012. (Doc. 58.)

Now pending in this action is a motion by third-party defendants CRST Van Expedited, Inc., and Robert A. Smith to dismiss the complaint filed by third-party plaintiffs Luis Berris and Comstar Enterprises, Inc. (Doc. 60.) In their motion, the third-party defendants argue that the third-party complaint should be dismissed because it contains allegations that the third-party defendants were directly liable to the plaintiffs in this lawsuit, and because that the third-party plaintiffs delayed unreasonably in bringing this action, which the third-party defendants argue will

result in undue prejudice in the third-party defendants are required to defend against the complaint at this stage of the litigation.

The motion is fully briefed and ripe for disposition. Upon consideration, the motion will be denied.

## II.    <u>DISCUSSION</u>

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, a defending party may join a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). The district court has the discretion to permit joinder. <u>See</u> <u>Morris v. Lenihan</u>, 192 F.R.D. 484, 487 n.3 (E.D. Pa. 2000). A third-party plaintiff may use Rule 14(a) to implead a third-party defendant only if the proposed third-party defendant may be liable to the third-party plaintiff derivatively or secondarily. <u>See</u> <u>Naramanian v. Geyhound Lines, Inc.</u>, Civ. A. No. 07-CV-4757, 2010 U.S. Dist. LEXIS 121145, 2010 WL 4628096, at *2 (E.D. Pa. Nov. 15, 2010) (citing <u>FDIC v. Bathgate</u>, 27 F.3d 850, 873 (3d Cir. 1994)). Thus, joinder is not available when a defendant seeks to join a third party who may only be liable to the plaintiff. <u>Id.</u> In order to prevail on a motion to join a third-party defendant, a third-party plaintiff must demonstrate some substantive basis for its claim against the proposed third-party defendant. <u>Pitcavage v. Mastercraft Boat Co.</u>, 632 F. Supp. 842,

845 (M.D. Pa. 1985) (citing <u>Robbins v. Yamaha Motor Corp.</u>, U.S.A., 98 F.R.D. 36 (M.D. Pa. 1983)).

If a court finds that the foregoing requirements have been satisfied, "motions for joinder should be freely granted to effectuate the purposes of the impleader rules." <u>Hartford Cas. Ins. Co. v. ACC Meat Co., LLC</u>, Civ. A. No. 1:10-CV-1875, 2011 U.S. Dist. LEXIS 9945, 2011 WL 398087, at *2 (M.D. Pa. Feb. 2, 2011). As Judge Conner of this Court has explained:

> Joinder under Rule 14(a) is meant to avoid circularity of action and eliminate duplication of suits. <u>See</u> <u>Judd</u>, 65 F.R.D. at 615; <u>see also</u> <u>Monarch Life Ins. Co. v. Donahue</u>, 702 F.Supp. 1195, 1197 (E.D.Pa.1989) (stating that the aim of Rule 14 is to "accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits") (internal citations and quotations omitted); 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 3d § 1443 (2004). In accordance with this broad purpose, Rule 14(a) has been liberally interpreted to allow the joinder of third-party claims despite allegations of different causes of action or different theories of liability from the original complaint. <u>See Judd</u>, 65 F.R.D. at 614; <u>Monarch Life</u>, 702 F.Supp. at 1198. The factors the court should consider include the timeliness of the motion, and whether joinder would introduce an unrelated controversy, unduly complicate the case, or prejudice the plaintiff. <u>See Judd</u> [v. General Motors Corp., 65 F.R.D. 612, 615 (M.D. Pa. 1974)].

<u>Id.</u>

We previously considered whether the requirements of Rule 14 had been met in order to permit the third-party plaintiffs to file the joinder complaint, and we found those requirements were satisfied. (Doc. 57.) Upon reflection, we conclude that our finding in this regard remains unchanged.

Furthermore, with respect to the third-party defendants' argument that the third-party complaint contains legal errors by including allegations that the third-party defendants are liable directly to the plaintiff, the third-party plaintiffs have conceded this error (Doc. 68.), and have conceded that this aspect of the third-party complaint should be dismissed.

Furthermore, we conclude that the third-party plaintiffs have not delayed unreasonably in bringing the claims against the third-party defendants, as it appears they first became aware of information leading to the identity of the third-party defendants in June 2012, and thereafter moved within roughly two months to discover additional information, and to move for leave to join the third-party defendants in this lawsuit. Given the fog which shrouded this incident both physically and metaphorically we do not find that these facts demonstrate unreasonably dilatory conduct; to the contrary, we find that the third-party plaintiffs acted reasonably under the circumstances.

Finally, to the extent the third-party defendants are concerned that they will be prejudiced by being joined to this action after discovery has closed and after the parties have engaged in pre-trial litigation, we recently directed the parties to confer and submit a revised joint case management plan pursuant to Rule 16.3, providing a litigation schedule that will address the scheduling concerns of all parties. Following receipt of the parties' joint case management plan, we will promptly issue a joint case management order designed to ensure that the third-party defendants and other parties have adequate time to conduct necessary discovery, and to permit the resolution of this litigation with respect to all interested parties in 2013. We are confident that by proceeding in this way, the third-party defendants will face no undue prejudice, and the interests of justice will be furthered by ensuring that this matter is resolved efficiently with respect to all interested parties.

Upon consideration, therefore, we continue to find that the requirements of Rule 14(a) have been met in this case, and that joinder of the proposed third-party defendants is appropriate in order to promote efficiency, avoid circularity, and eliminate the potential for duplicative litigation. The motion to dismiss the third-party complaint will, therefore, be denied, with the exception of any claims alleging that the third-party defendants are directly liable to the plaintiff in this case.

## III.  ORDER

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT the pending motion to dismiss the third-party complaint (Doc. 60.) is GRANTED in part and DENIED in part as follows:  The motion is GRANTED  with respect only to any allegations that the third-party defendants are directly and solely liable to the plaintiff. In all other respects, the motion is DENIED.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: December 11, 2012