# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN I. DOLAND, | : | |
| | : | |
|    Plaintiff | : | |
| | : | |
| v. | : | Civil No. 1:11-CV-1783 |
| | : | |
| LOUIS BERRIOS, COMSTAR | : | (Chief Judge Kane) |
| ENTERPRISES, INC., | : | |
| BWAABI AMAJUWON and | : | (Magistrate Judge Carlson) |
| FAF, INC., | : | |
| | : | |
|    Third-Party Plaintiffs/Defendants | : | |
| | : | |
| v. | : | |
| | : | |
| NEW PENN MOTOR EXPRESS, INC., | : | |
| THEODORE MRKONJA, TIMOTHY | : | |
| FREDERICK, GAILLARD STROYE, | : | |
| GREATER OMAHA EXPRESS, LLC, | : | |
| ADONIUS SHORES, TAYLOR XPRESS | : | |
| LINES, INC., CRST VAN EXPEDITED | : | |
| INC., ROBERT A. SMITH, POHL | : | |
| TRANSPORTATION, INC., and | : | |
| CARLOS SHEPPARD, | : | |
| | : | |
|    Third-Party Defendants | : | |

## MEMORANDUM OPINION AND ORDER

### I.   Statement of Facts and of the Case

In this litigation we are now asked, for what we understand will be the final time, to foray into the literal and legal fog which has led to this multi-party litigation arising out of a chain reaction accident which took place during a blinding blizzard

on the Pennsylvania Turnpike. This case arises out of a February 26, 2010, snowbound chain reaction multi-vehicle accident on Interstate 76 in Cumberland County, Pennsylvania. The meteorological fog of this February snow storm, which may have contributed to the accident, has been paralleled by a litigative fog of uncertainty regarding the number of parties who were allegedly involved in this accident, and should be joined as parties.

Previously, this litigative fog cleared somewhat when, in October and December of 2012, we entered orders authorizing the filing of a third-party complaint joining third-party defendants, CRST Van Expedited, Inc., and Robert A. Smith into this lawsuit, parties who were allegedly involved in this accident and whose identities had been discerned in the course of discovery. In reaching this result we concluded that the third-party plaintiffs had satisfied the requirements of Rule 14(a) of the Federal Rules of Civil Procedure, and that joinder of Smith and CRST would promote efficiency, avoid circularity, and eliminate the potential for duplicative litigation. (Doc. 57.)

Having initially resisted joinder in this litigation under Rule 14, CRST and Smith now seek leave to employ Rule 14 to join as third-party defendants what we understand to be the final parties linked to this chain-reaction accident, Allen Kauffman and WFM Transport, Inc. Now pending in this action is a motion by third-

party defendants CRST Van Expedited, Inc., and Robert A. Smith to file a joinder complaint joining Kauffman and WFM Transport as third-party defendants. (Doc. 86.) The motion is fully briefed and ripe for disposition. Upon consideration, the motion will be granted.

With respect to this motion the pertinent facts can be simply stated: On February 26, 2010, during a snow storm on the Pennsylvania Turnpike, a tractor-trailer operated by Robert Smith, who was then employed by CRST collided with a tractor trailer operated by Carlos Sheppard. It is now reported that a vehicle owned by WFM and operated by Allen Kauffman then struck the CRST tractor trailer. From this initial accident, a series of subsequent collisions, involving multiple vehicles, then ensued. Among those involved in these accidents was Shawn Doland, who brought this action against defendants Berrios, Comstar, Amajuwon and FAF, Inc. Through the course of discovery, additional third-party defendants were added to this case, culminating in this court's decision to add Smith and CRST as parties, decisions which were finalized by rulings made in December 2012. (Docs. 57 and 72.)

Joined in this litigation, CRST and Smith now report that in March of 2013, they ascertained the identity of a vehicle and driver that struck the CRST tractor trailer after this initial collision, proposed defendants Kauffman and WFM. Smith and CRST seek to join these parties as third-party defendants, alleging that this

collision caused harm to them and impeded their ability to avoid other, subsequent chain-reaction collisions. With respect to the timing of this request, it is evident that CRST would have had no occasion to examine these joinder matters until it was joined as a party to this lawsuit late in 2012. Moreover, CRST represents that its efforts to inquire into these matters were impeded by the fact that Smith–who WSA involved in a separate state lawsuit with WFM and Kauffman– was no longer employed by CRST in 2013. However, having identified these additional potential parties in March 2013, Smith and CRST promptly moved to join them as third-party defendants.

## II. Discussion

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, a defending party may join a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). The district court has the discretion to permit joinder. See Morris v. Lenihan, 192 F.R.D. 484, 487 n.3 (E.D. Pa. 2000). A third-party plaintiff may use Rule 14(a) to implead a third-party defendant only if the proposed third-party defendant may be liable to the third-party plaintiff derivatively or secondarily. See Naramanian v. Geyhound Lines, Inc., Civ. A. No. 07-CV-4757, 2010 U.S. Dist. LEXIS 121145, 2010 WL 4628096, at *2 (E.D. Pa. Nov. 15, 2010) (citing FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994)). Thus, joinder is not

available when a defendant seeks to join a third party who may only be liable to the plaintiff. Id. In order to prevail on a motion to join a third-party defendant, a third-party plaintiff must demonstrate some substantive basis for its claim against the proposed third-party defendant. Pitcavage v. Mastercraft Boat Co., 632 F. Supp. 842, 845 (M.D. Pa. 1985) (citing Robbins v. Yamaha Motor Corp., U.S.A., 98 F.R.D. 36 (M.D. Pa. 1983).

If a court finds that these requirements have been satisfied, "motions for joinder should be freely granted to effectuate the purposes of the impleader rules." Hartford Cas. Ins. Co. v. ACC Meat Co., LLC, Civ. A. No. 1:10-CV-1875, 2011 U.S. Dist. LEXIS 9945, 2011 WL 398087, at *2 (M.D. Pa. Feb. 2, 2011). As this court has previously explained:

> Joinder under Rule 14(a) is meant to avoid circularity of action and eliminate duplication of suits. See Judd, 65 F.R.D. at 615; see also Monarch Life Ins. Co. v. Donahue, 702 F.Supp. 1195, 1197 (E.D.Pa.1989) (stating that the aim of Rule 14 is to "accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits") (internal citations and quotations omitted); 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 3d § 1443 (2004). In accordance with this broad purpose, Rule 14(a) has been liberally interpreted to allow the joinder of third-party claims despite allegations of different causes of action or different theories of liability from the original complaint. See Judd, 65 F.R.D. at 614; Monarch Life, 702 F.Supp. at 1198. The factors the court should consider include the timeliness of the motion, and whether joinder would introduce an unrelated controversy, unduly complicate the case,

5

or prejudice the plaintiff. See Judd [v. General Motors Corp., 65 F.R.D. 612, 615 (M.D. Pa. 1974)].

Id.

Applying these legal benchmarks, federal courts have endorsed the use of Rule 14 joinder to consolidate claims arising out of chain reaction automobile accidents, reasoning that such joinder is particularly appropriate in jurisdictions which have adopted comparative negligence statutes since joinder of all parties allows for a full assessment of all potential, comparative negligence arising out of a single episode. See Tietz v. Blackner, 257 F.R.D. 510 (D. Utah 1994)(Construing Utah's comparative negligence statute). Pennsylvania is a comparative negligence jurisdiction, see 42 Pa.C.S. §7102, and case law in Pennsylvania clearly contemplates the joinder of multiple parties in a single lawsuit arising out of a multi-vehicle accident. See generally, Ross v. Tomlin, 696 A.2d 230 (Pa. Super. Ct. 1997)(acknowledging joinder of multiple defendants in a chain reaction automobile accident). Furthermore, Pennsylvania courts have long recognized that liability may be apportioned among party-defendants in chain reaction accident cases, where multiple, successive collisions compound the injuries suffered. See generally, Shamey v. State Farm Ins. Co., 331 A.2d 498 (Pa. Super. 1974)(discussing apportionment of liability among defendants in accident case involving successive collisions). In such instances the

goals of Pennsylvania's comparative negligence statute, the apportionment of liability among defendants based on their relative degree of causal fault, are promoted through joinder of all potentially culpable parties in a single action. See 42 Pa.C.S. §7102.

In this case, we find that CRST has sufficiently alleged that Kauffman's collision of the WFM tractor trailer into its vehicle operated by Smith caused them harm and contributed to the inability of Smith to avoid other subsequent chain reaction collisions. We also find that CRST has acted with reasonable dispatch in seeking to join Kauffman and WFM in this lawsuit after it was joined as a defendant in this case late in 2012. Given the fog which shrouded this incident both physically and metaphorically we do not find that these facts demonstrate unreasonably dilatory conduct by CRST. Rather, we find that the third-party plaintiffs acted reasonably under the circumstances. Furthermore, we find that joinder of these additional parties avoids the principal evils which Rule 14 was designed to combat: duplication of litigation and the peril of inconsistent verdicts. Finally, we believe that this joinder will enable a full assessment of the comparative negligence, if any, of all participants in this accident, and thus promotes the goals of Pennsylvania's comparative negligence statute.

In reaching this result, we recognize that Kauffman and WFM have been involved with Smith in a separate state court lawsuit arising out of this accident, and

we concede that this litigation has progressed at some length through the state court system. While this fact raises a concern about potential prejudice to the newly joined parties arising from litigative delay, we do not believe that our resolution of this joinder issue will necessarily unduly delay this matter. To the extent the third-party defendants are concerned that they will be prejudiced by being joined to this action after discovery has closed and after the parties have engaged in pre-trial litigation, these concerns can be addressed through pre-trial management practices that allow for development of a joint case management plan, which will permit the prompt resolution of this litigation with respect to all interested parties. We are confident that by proceeding in this way, the third-party defendants will face no undue prejudice, and the interests of justice will be furthered by ensuring that this matter is resolved efficiently with respect to all interested parties. Furthermore, the progress of this separate state case actually cautions in favor of joinder since this second state lawsuit highlights the very real potential of piecemeal litigation of claims arising out of this accident, duplicative efforts, and inconsistent verdicts, all of which are outcomes to be avoided. Upon consideration, therefore, we find that the requirements of Rule 14(a) have been met in this case, and that joinder of the proposed third-party defendants is appropriate in order to promote efficiency, avoid circularity, and eliminate the potential for duplicative litigation.

### III. Order

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT the pending motion by third-party defendants CRST Van Expedited, Inc., and Robert A. Smith to file a joinder complaint joining Allen Kauffman and WFM Transport as third-party defendants, (Doc. 86.), is GRANTED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: July 11, 2013