## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN I. DOLAND, | : | |
| | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | Civil No. 1:11-CV-1783 |
| | : | |
| LOUIS BERRIOS, COMSTAR | : | (Judge Kane) |
| ENTERPRISES, INC., | : | |
| BWAABI AMAJUWON and | : | (Magistrate Judge Carlson) |
| FAF, INC., | : | |
| | : | |
|     Third-Party Plaintiffs/Defendants | : | |
| | : | |
| v. | : | |
| | : | |
| NEW PENN MOTOR EXPRESS, INC., | : | |
| THEODORE MRKONJA, TIMOTHY | : | |
| FREDERICK, GAILLARD STROYE, | : | |
| GREATER OMAHA EXPRESS, LLC, | : | |
| ADONIUS SHORES, and | : | |
| TAYLOR XPRESS | : | |
| | : | |
|     Third-Party Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

In this litigation we are now asked, once again, to foray into the literal and legal fog which has led to this multi-party litigation arising out of a chain reaction accident which took place during a blinding blizzard on the Pennsylvania Turnpike.

This case arises out of a February 26, 2010, snowbound chain reaction multi-vehicle accident on Interstate 76 in Cumberland County, Pennsylvania. The meteorological fog of this February snow storm, which contributed to the accident, has been paralleled by a factual and litigative fog of uncertainty regarding the number of parties who were allegedly involved in this accident, and their relative levels of culpability.

The question of this comparative culpability is now re-visited in the instant motion for summary judgment filed by the third-party defendants New Penn Motor Express, Inc., Theodore Mrkonja and Timothy Frederick. (Doc. 130.) With respect to this motion the pertinent facts can be simply stated: On February 26, 2010, during a snow storm on the Pennsylvania Turnpike, a tractor-trailer operated by Robert Smith, who was then employed by CRST collided with a tractor-trailer operated by Carlos Sheppard. (Doc. 130, ¶3.) Another tractor-trailer, owned by WFM and operated by Allen Kauffman, then struck the CRST tractor-trailer. (Id., ¶4.) Observing the accident head of him, Galliard Stroye, operating a Greater Omaha Express tractor-trailer, came to a halt in the left hand lane of the turnpike. (Id., ¶5.) A tractor-trailer owned by the moving third party defendant, New Penn Motor Express, Inc., and operated by Timothy Frederick, also came to a stop in the right hand lane of the turnpike, along side the Greater Omaha Express truck. (Id., ¶6.)

Frederick's New Penn tractor-trailer was then struck from behind by a second New Penn tractor-trailer operated third party defendant, Theodore Mrkonja. (Id., ¶7.) The force of this collision caused the New Penn vehicles to slide to their left and third party defendant Frederick's vehicle struck the Omaha Express tractor-trailer which was along side it. (Id.)

In the meanwhile, several vehicles had come to a sudden stop immediately behind the Omaha and New Penn trucks in the left hand lane of the turnpike. These vehicles included an automobile operated by the plaintiff, Shawn Doland, a second automobile, and a tractor-trailer owned by Taylor Xpress Lines, inc., and operated by Adonius Shore. (Id., ¶9.) In a matter of minutes, these vehicles became embroiled in yet another series of chain reaction accidents when Luis Berrios, operating a tractor-trailer owned by Comstar Enterprises, Inc., struck the Taylor Xpress tractor-trailer, forcing it into the cars stopped in front of that truck. (Id., ¶10.) Within seconds, yet another collision occurred when Bwaabi Amajuwon, who was driving a tractor-trailer owned by FAF, Inc., collided with the rear of Berrios' truck, forcing it into the vehicles in front of it in a chain reaction fashion. (Id., ¶12.)

This Palsgrafian[1] proximate cause scenario has led to the instant litigation, and

---

[1] Palsgraf v. Long Island Railroad Co., 248 N.Y. 339, 162 N.E. 99 (N.Y. 1928).

now inspires a motion for summary judgment by New Penn and its drivers, Frederick and Mrkonja, arguing that there is simply insufficient evidence of contributory or comparative negligence to hold them accountable for any portion of the injuries suffered here. This motion is fully briefed by the parties. (Docs. 130-136.) Because we find that the interplay of these various potential, proximate, intervening, contributory and comparative causes raise fundamentally factual questions for a jury to resolve, the reasons set forth below it is recommended that this summary judgment motion be denied.

## II. Discussion

### A. Rule 56–The Legal Standard

New Penn and its drivers have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56 (a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence

supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

> B. **Disputed Factual Issues Preclude Summary Judgment in this Case**

In this case we find that disputed material issues of fact preclude summary judgment in favor of either New Penn or its drivers at this time. At the outset, we note that joinder of these parties as third-party defendants seems appropriate here, since pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, a defending party may join a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). The district court has the discretion to permit joinder. See Morris v. Lenihan, 192 F.R.D. 484, 487 n.3 (E.D. Pa. 2000). A third-party plaintiff may use Rule 14(a) to implead a third-party defendant only if the proposed third-party defendant may be liable to the third-party plaintiff derivatively or secondarily. See Naramanian v. Geyhound Lines, Inc., Civ. A. No. 07-CV-4757, 2010 U.S. Dist. LEXIS 121145, 2010 WL 4628096, at *2 (E.D. Pa. Nov. 15, 2010) (citing FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994)). Thus, joinder is not

available when a defendant seeks to join a third party who may only be liable to the plaintiff. Id. In order to prevail on a motion to join a third-party defendant, a third-party plaintiff must demonstrate some substantive basis for its claim against the proposed third-party defendant. Pitcavage v. Mastercraft Boat Co., 632 F. Supp. 842, 845 (M.D. Pa. 1985) (citing Robbins v. Yamaha Motor Corp., U.S.A., 98 F.R.D. 36 (M.D. Pa. 1983)).

If a court finds that these requirements have been satisfied, "motions for joinder should be freely granted to effectuate the purposes of the impleader rules." Hartford Cas. Ins. Co. v. ACC Meat Co., LLC, Civ. A. No. 1:10-CV-1875, 2011 U.S. Dist. LEXIS 9945, 2011 WL 398087, at *2 (M.D. Pa. Feb. 2, 2011). As this Court has previously explained:

> Joinder under Rule 14(a) is meant to avoid circularity of action and eliminate duplication of suits. See Judd, 65 F.R.D. at 615; see also Monarch Life Ins. Co. v. Donahue, 702 F.Supp. 1195, 1197 (E.D.Pa.1989) (stating that the aim of Rule 14 is to "accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits") (internal citations and quotations omitted); 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 3d § 1443 (2004). In accordance with this broad purpose, Rule 14(a) has been liberally interpreted to allow the joinder of third-party claims despite allegations of different causes of action or different theories of liability from the original complaint. See Judd, 65 F.R.D. at 614; Monarch Life, 702 F.Supp. at 1198. The factors the court should consider include the timeliness of the motion, and whether joinder would introduce an unrelated controversy, unduly complicate the case,

or prejudice the plaintiff. See Judd [v. General Motors Corp., 65 F.R.D. 612, 615 (M.D. Pa. 1974)].

Id.

Applying these legal benchmarks, federal courts have endorsed the use of Rule 14 joinder to consolidate claims arising out of chain reaction automobile accidents, reasoning that such joinder is particularly appropriate in jurisdictions which have adopted comparative negligence statutes since joinder of all parties allows for a full assessment of all potential, comparative negligence arising out of a single episode. See Tietz v. Blackner, 257 F.R.D. 510 (D. Utah 1994)(Construing Utah's comparative negligence statute). Pennsylvania is a comparative negligence jurisdiction, see 42 Pa.C.S. §7102, and case law in Pennsylvania clearly contemplates the joinder of multiple parties in a single lawsuit arising out of a multi-vehicle accident. See generally, Ross v. Tomlin, 696 A.2d 230 (Pa. Super. Ct. 1997)(acknowledging joinder of multiple defendants in a chain reaction automobile accident). Furthermore, Pennsylvania courts have long recognized that liability may be apportioned among party-defendants in chain reaction accident cases, where multiple, successive collisions compound the injuries suffered. See generally, Shamey v. State Farm Ins. Co., 331 A.2d 498 (Pa. Super. 1974)(discussing apportionment of liability among defendants in accident case involving successive collisions). In such instances the

goals of Pennsylvania's comparative negligence statute, the apportionment of liability among defendants based on their relative degree of causal fault, are promoted through joinder of all potentially culpable parties in a single action. See 42 Pa.C.S. §7102.

Moreover, defendant Berrios has articulated a theory of third party negligence as to the New Penn defendants which draws some factual support from the disputed and contested factual record, arguing that the third party defendants were negligent in causing an accident which suddenly stopped traffic, under poor weather conditions, leading to rear-end accidents by other vehicles located behind the New Penn trucks. Indeed, cases construing Pennsylvania tort law have found that the sudden stoppage of a vehicle on a roadway under adverse weather conditions may create factual issues concerning negligence and may constitute a proximate cause of an accident involving rear end collisions behind the stopped vehicle. See Gensemer v. Williams, 419 F.2d 1361, 1362 (3d Cir. 1970).

In this case we conclude that the factual disputes highlighted by the parties in their pleadings regarding the extent to which the New Penn vehicles' accident contributed to the subsequent chain reaction collisions present factual issues for trial. In reaching this result we are mindful of the fact that, in vehicle accidents it has been said that: "Issues of negligence and contributory negligence are rarely appropriate for summary judgment. As courts . . . have repeatedly noted, '[o]nly in exceptional cases

9

will questions of negligence [and] contributory negligence ... pass from the realm of fact to one of law.' Paraskevaides v. Four Seasons Wash., 292 F.3d 886, 893 (D.C.Cir.2002) (quoting Shu v. Basinger, 57 A.2d 295, 295–96 (D.C.1948)); see also Lyons v. Barrazotto, 667 A.2d 314, 322 (D.C.1995) ('[i]ssues of contributory negligence, like issues of negligence, present factual questions for the trier of fact [u]nless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion.') (internal citations omitted). This is no less true in tort claims involving car accidents, as '[a]utomobile collisions at street intersections nearly always present questions of fact ... Only in exceptional cases will questions of negligence, contributory negligence, and proximate cause pass from the realm of fact to one of law.' Aqui v. Isaac, 342 A.2d 370, 372 (D.C.1975); see generally Mahnke v. Washington Metro. Area Transit Auth., 821 F.Supp.2d 125, 132–33 (D.D.C.2011) (summarizing case law in this area)." Stehn v. Cody, CIV.A. 11-1036 CKK, 2013 WL 4505438 (D.D.C. Aug. 26, 2013). This fundamental truth is also aptly reflected in Pennsylvania case law, which frequently rejects invitations in motor vehicle accident cases on disputed factual records to make judgments regarding negligence and comparative negligence as a matter of law. See, e.g., Burke v. TransAm Trucking, Inc., 605 F. Supp. 2d 647, 649 (M.D. Pa. 2009); Sonnenberg v. Erie Metro. Transit Auth., 137 Pa. Cmwlth. 533, 534, 586 A.2d 1026, 1027 (1991); LeGrand v.

Lincoln Lines, Inc., 253 Pa. Super. 19, 21, 384 A.2d 955, 956 (1978).

Given these legal guideposts, we find that the questions of comparative and contributory negligence of New Penn and its drivers in the chain reaction series of accidents are best determined as a matter of fact, at trial, rather than as a matter of law on summary judgment. Therefore, it is recommended that the third party defendants' summary judgment motion be denied.

### III. Recommendation

Accordingly, for the forgoing reasons, IT IS RECOMMENDED that third party defendants' motion for summary judgment (Doc. 130.), be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of

that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2d day of June, 2014.

                                            ***S/Martin C. Carlson***
                                            Martin C. Carlson
                                            United States Magistrate Judge