IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN I. DOLAND, | : | |
| Plaintiff | : | |
| | : | No. 1:11-cv-01783 |
| v. | : | |
| | : | |
| LOUIS BERRIOS, et al., | : | |
| Defendants/Third-party Plaintiffs | : | (Judge Kane) |
| | : | |
| v. | : | |
| | : | |
| NEW PENN MOTOR EXPRESS, INC., | : | (Chief Magistrate Judge Carlson) |
| et al., | : | |
| Third-party Defendants | : | |

MEMORANDUM

Before the Court is third-party Defendants New Penn Motor Express, Theodore Mrkonja,

and Timothy Frederick's motion for summary judgment (Doc. No. 130), Chief Magistrate Judge

Carlson's Report and Recommendation (Doc. No. 137), and third-party Defendants' objections

thereto (Doc. No. 138).  For the reasons that follow, the Court will adopt the Report and

Recommendation, and deny third-party Defendants' motion for summary judgment.

I.      BACKGROUND

The complete factual and procedural background of the above-captioned action is set out

in the Report and Recommendation (Doc. No. 137 at 1-4), and the Court need not fully

reproduce it here.  For the purposes of third-party Defendants' pending motion for summary

judgment, the pertinent facts are as follows.  On February 26, 2010, several tractor-trailers

collided on the Pennsylvania Turnpike in Upper Mifflin Township in Cumberland County,

Pennsylvania during adverse weather conditions.  (Doc. No. 130 ¶ 1.)  Following the first

collision, third-party Defendant Timothy Frederick, operating a tractor-trailer owned by third-

party Defendant New Penn Motor Express, then stopped in the westbound, right-hand lane of the

Pennsylvania Turnpike.  (Doc. No. 130 ¶ 6.)  Third-party Defendant Theodore Mrkonja, who

was also operating a tractor-trailer owned by third-party Defendant New Penn Motor Express,

then struck Theodore Frederick's tractor-trailer from the rear, which caused Frederick's tractor-

trailer to strike another tractor-trailer operated by third-party Defendant Gaillard Stroye.  (Doc.

No. 130 ¶ 7.)  Plaintiff Shawn Doland, operating a silver Chevrolet Impala, along with Adonius

Shores, operating a tractor-trailer owned by Taylor Express Lines, Inc., was stopped in the

westbound, left-hand lane of the Pennsylvania Turnpike at the same time that third-party

Defendants Frederick and Mrkonja were stopped in the right-hand lane as a result of their

collision.  (Id. ¶ 9.)  Defendant and third-party Plaintiff Luis Berrios, operating a tractor-trailer

owned by Comstar Enterprises, Inc., then struck Adonius Shores' tractor-trailer from the rear,

causing a chain-reaction impacting the vehicles ahead, including Plaintiff's vehicle.  (¶ 10, ¶ 11.)

On May 19, 2011, Plaintiff Shawn Doland initiated a civil action in the Court of

Common Pleas of Philadelphia County, Pennsylvania, seeking compensation for the damages he

suffered as a result of the above-described accident.  On June 22, 2011, Defendants and third-

party Plaintiffs Luis Berrios, Comstar Enterprises, Inc., Bwaabi Amajuwon, and FAF, Inc.,

removed the action to the Eastern District of Pennsylvania on the ground that complete diversity

of citizenship existed between the parties.  (Doc. No. 1.)  The action was subsequently

transferred to this Court (Doc. Nos. 10, 11), and on April 14, 2014, third-party Defendants Penn

Motor, Mrkonja, and Frederick moved the Court to enter summary judgment on the ground that

Defendants/third-party Plaintiffs have failed to produce sufficient evidence of their contributory

or comparative negligence to hold them accountable for any injuries suffered in the accident.

(Doc. No. 130.)  On June 2, 2014, Chief Magistrate Judge Carlson issued a Report and

Recommendation, wherein he recommended that the Court deny third-party Defendants' motion

because disputed issues of fact precluded summary judgment.  The third-party Defendants timely

filed objections.[1]  The motion is ripe for disposition.

## II.   STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is

warranted "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is

material if it might affect the outcome of the suit under the applicable law, and it is genuine only

if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a

verdict for the non-moving party.  Am. Eagle Outfitters v. Lyvle & Scott Ltd., 584 F.3d 575, 581

(3d Cir. 2009).  At summary judgment, the inquiry is whether the evidence presents a sufficient

disagreement to require submission to the jury or whether it is so one-sided that one party must

prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider

all evidence in the light most favorable to the party opposing the motion."  A.W. v. Jersey City

Pub. Sch., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an

absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Federal Rules of Civil
Procedure, a magistrate judge has authority to file proposed findings and recommendations.  In
response, a party may file written objections to the proposed findings and recommendations.  28
U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  In deciding whether to accept, reject, or modify
any part of the magistrate judge's disposition, the Court must make a de novo determination of
the portions to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of

evidence to support the non-moving party's claims, "the non-moving party must rebut the

motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal

memoranda, or oral argument."  Berckeley Inv. Grp. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir.

2006).  If the non-moving party "fails to make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the burden at trial,"

summary judgment is warranted.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## III.    DISCUSSION

Third-party Defendants moved for summary judgment on the ground that

Defendants/third-party Plaintiffs have not "produced any evidence to support claims based on

negligence," and the record supports only the conclusion that the vehicles operated by Mrkonja

and Frederick were disabled due to a prior accident.  (Doc. No. 131 at 4.)  Defendants/third-party

Plaintiffs objects to third-party Defendants' characterization of the record, asserting that "[t]he

Defendants' own testimony proves that they created a hazardous condition by blocking the

roadway and causing other impacts," and, "every eyewitness of the accident has a different

version of how this accident occurred."  (Doc. No. 134 at 4.)  Chief Magistrate Judge Carlson

recommends that the Court deny third-party Defendants' motion for summary judgment,

concluding in the Report and Recommendation that "the factual disputes highlighted by the

parties in their pleadings regarding the extent to which the New Penn vehicles' accident

contributed to the subsequent chain reaction collisions present factual issues for trial," and thus

granting summary judgment would be improper.  (Doc. No. 137 at 9.)

The thrust of third-party Defendants' objections to the Report and Recommendation

repeats the substance of their motion for summary judgment: they object on the ground that they

did not make direct contact with Plaintiff's vehicle, and therefore they assert that they cannot be

held liable for Defendants' negligence.  (Doc. No. 138 at 5.)  Third-party Defendants further

argue that because "no collision involving movants compounded the injuries plaintiff allegedly

suffered," and they "did not cause or contribute to any of the chain reaction accidents involving

[P]laintiff's vehicle," (id.), the Court should award summary judgment in their favor.

        As an initial matter, the Court observes that it must apply federal procedural and state

substantive law, as this is a diversity action.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d

Cir. 2000).  Pennsylvania is a comparative negligence jurisidiction.  42 Pa. C.S. § 7102.

Pennsylvania law recognizes that liability may be apportioned among party-defendants in chain

reaction accident cases.  Shamey v. State Farm Ins. Co., 331 A.2d 498 (Pa. Super. Ct. 1974).

Sudden stoppage of a vehicle on the roadway in adverse weather conditions, such as those

alleged in this case, may create factual issues surrounding the proximate cause of an accident

involving rear-end collisions behind the stopped vehicle.  See Gensemer v. Williams, 419 F.2d

1361, 1362 (3d Cir. 1970).

        The Court rejects third-party Defendants' objection, which essentially repeats their

argument in support of their motion for summary judgment.  As the Report and

Recommendation points out, Defendant Berrios articulates a theory of third-party negligence

against the third-party Defendants, in which he argues that they were negligent by virtue of

causing an accident which suddenly stopped traffic during a blizzard, and which may have

contributed to the resulting rear-end accident in which Plaintiff was injured.  Although third-

party Defendants argue they cannot be held liable because they had no contact with Plaintiff's

vehicle, this objection fails to comprehend that Defendants/third-party Plaintiffs seek to hold

them liable for their potential negligence in creating the conditions that may have played a role

in causing Plaintiff's accident.  As Defendants/third-party Plaintiffs point out in their pleadings,

nearly every eyewitness has a different account of the accident.  Accordingly, sifting through the

facts of this case to determine liability is a question of fact, and reserved for the jury.  The Court

will overrule third-party Defendants' objection, adopt the Report and Recommendation, and

deny third-party Defendants' motion for summary judgment.

## IV.    CONCLUSION

For the foregoing reasons, the Court will adopt the Report and Recommendation, and

deny third-party Defendants' motion for summary judgment.  An order consistent with this

memorandum follows.